UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

LATANYA PIERCE,

            Petitioner,

     -against-

UNITED STATES OF AMERICA,

            Respondent.

---------------------------------------------------------

16cv7669

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Pro se Petitioner Latanya Pierce moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. That sentence was imposed by the Honorable Shira A. Scheindlin on May 29, 2014. (Criminal ECF No. 226.)[1] Thereafter, the judgment of conviction was amended several times. (Criminal ECF Nos. 257, 270, 297.) Judge Scheindlin retired on April 29, 2016, and the underlying criminal case was randomly reassigned to this Court. After Pierce filed this habeas proceeding, the parties consented to proceed before the Honorable James L. Cott, United States Magistrate Judge.

        On August 31, 2018, Magistrate Judge Cott issued a Report and Recommendation (the "Report") recommending that this Court deny Pierce's habeas petition. Pierce v. United States, 2018 WL 4179055, at *1 (S.D.N.Y. Aug. 31, 2018). On September 14, 2018, Pierce filed objections to two sections of the Report. (ECF No. 19.) Having reviewed Pierce's objections and the underlying record, this Court adopts the well-reasoned Report, subject to one modification. Accordingly, Pierce's habeas petition is denied.

---

[1] Citations to "Criminal ECF No." refer to Pierce's underlying criminal proceeding, case number 12-cr-340. Citations to "ECF No." refer to this proceeding.

DISCUSSION

I.      Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016). To trigger de novo review, objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation and quotation mark omitted). Conclusory or general objections are entitled only to clear error review. Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

Moreover, it is "improper . . . to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted). In such cases, the objecting party is only entitled to clear error review. See, e.g., Taebel v. Sonberg, 2018 WL 2694429, at *1 (S.D.N.Y. June 5, 2018) (reviewing for clear error where objector "reiterate[d] the arguments he made to the magistrate judge"); Vaccariello v. XM Satellite Radio, Inc., 295 F.R.D. 62, 67 (S.D.N.Y. 2013) ("In the event a party's objections . . . reiterate original arguments, the district court also reviews the Report and Recommendation for clear error."); Jones v. Heath, 2012 WL 2673649, at *2 (S.D.N.Y. July 5, 2012) (conducting clear error review where objector "simply reiterate[d] his original arguments, incorporating his memorandum only by a passing reference" (citation and quotation marks omitted)).

Since Pierce is pro se, her petition is held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); accord Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). This Court liberally construes her papers "to raise the strongest arguments that they suggest." Green, 260 F.3d at 83 (quotation marks omitted).

II.   Pierce's Objections

    A. Restitution

In her petition, Pierce contends that her trial counsel was ineffective for failing to challenge the sentencing court's imposition of restitution. The Report concludes that Pierce is procedurally barred from advancing that argument because of the "mandate rule," which precludes the use of collateral attack to relitigate claims previously resolved on direct appeal. Pierce, 2018 WL 4179055, at *7–8. In reaching that conclusion, the Report observes that Pierce previously challenged the sentencing court's imposition of restitution during a direct appeal of her criminal conviction. See Pierce, 2018 WL 4179055, at *7–8. The Second Circuit summarily rejected Pierce's argument. United States v. Pierce, 649 F. App'x 117, 118 (2d Cir. 2016).

Pierce now seeks to revive her restitution argument in this Court—this time stylized as an "objection" to the Report. However, the substance of Pierce's objection is lifted word-for-word from her sur-reply to the magistrate judge. (Compare ECF No. 17, at 6–7, with ECF No. 19, at 2–3.) And as explained in the Report, the "mandate rule bars re-litigation of issues already decided on direct appeal," including "matters [both] expressly [and] . . . impliedly resolved by the appellate court's mandate." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). Accordingly, to the extent Pierce previously challenged her restitution obligation on

direct appeal, the Report correctly concludes she is barred from advancing that same argument in her petition.[2]

But that conclusion does not end this Court's inquiry. Pierce's petition specifically alleges that the sentencing court improperly imposed restitution for losses suffered by four victims: (1) Washington Mutual Bank, (2) Sand Canyon Corporation, (3) First Magnus Financial, and (4) an individual named Ina McCarther. (ECF No. 1, at 15–16.) Yet the Report describes the petition as challenging only the restitution imposed for the three institutional victims. See Pierce, 2018 WL 4179055, at *8 ("Pierce maintains . . . that [counsel] was ineffective because he failed to object to Judge Scheindlin's calculation of the amount of her restitution obligation, in particular with regard to the losses sustained by Washington Mutual Bank, Sand Canyon Corporation, and First Magnus Financial."). Absent from the Report is an analysis of Pierce's argument concerning the restitution imposed for losses suffered by McCarther. Indeed, Pierce contends that McCarther is not entitled to any restitution because of a settlement McCarther received during bankruptcy proceedings related to Pierce's real estate company, Creekhill Realty, LLC. (See ECF No. 1, at 16.) And unlike the petition's arguments concerning the three institutional victims—which overlap considerably with the restitution arguments that Pierce advanced on direct appeal and are therefore barred by the mandate rule—it is less than clear that Pierce raised her restitution argument concerning McCarther on direct appeal.[3] Thus, out of an abundance of caution, this Court assumes that Pierce's argument concerning McCarther is neither resolved by the Report nor barred by the mandate rule.

---

[2]     Additionally, the Report correctly concludes that Pierce's attempt to recharacterize her restitution argument as a claim for ineffective assistance of counsel is insufficient to overcome the mandate rule. Pierce, 2018 WL 4179055, at *7 (citing Yick Man Mui, 614 F.3d at 53).

[3]     Pierce's own appellate briefing did not contain any arguments about her restitution obligation. Instead, as explained in the Report, Pierce expressly joined a pro se supplemental brief filed by her co-defendant,

However, even assuming that Pierce's restitution argument concerning McCarther overcomes the mandate rule, her claim fails for lack of subject matter jurisdiction. "It is well established . . . that to secure § 2255 review, a petitioner must satisfy the jurisdictional 'in custody' requirement of the statute." United States v. Rutigliano, 887 F.3d 98, 104 (2d Cir. 2018) (quotation marks omitted). "[M]onetary components of criminal sentences, such as fines and restitution orders, generally do not restrict liberty so severely as to satisfy the custody requirement of § 2255." Rutigliano, 887 F.3d at 104–05 (citing Kaminski v. United States, 339 F.3d 84, 86–87 (2d Cir. 2003)).[4]  As such, courts "have dismissed § 2255 challenges to even multi-million-dollar restitution orders based on . . . payment terms" limited to a portion of the defendant's monthly income. Rutigliano, 887 F.3d at 106 (collecting cases). Here, the sentencing court imposed restitution in the amount of $2,420,917.64 to be paid "at the rate of fifteen percent . . . of defendant's gross monthly earnings." (Criminal ECF No. 297, at 5.) These payment terms are "sufficiently similar" to those that courts in this circuit have concluded do not constitute a "restraint on the liberty of a petitioner." McEwan v. United States, 279 F. Supp. 2d 462, 464 & n.1 (S.D.N.Y. 2003) (dismissing challenge to $6,984,000 restitution order under § 2255 for lack of subject matter jurisdiction where defendant was required to make payments in

---

Ifeanyichukwu Eric Abakporo, who also appealed his conviction. Abakporo's brief argued, in part, that the sentencing court miscalculated the restitution owed to the four victims. The arguments in Abakporo's brief concerning the three institutional victims mirror the arguments Pierce now advances in her petition. However, Abakporo's brief vaguely claims that McCarther is not entitled to restitution for "all the reasons stated in [his] [o]pening and supplemental briefs." (See Suppl. Brief for Def.-Appellant Ifeanyichukwu Eric Abakporo, No. 14-1945, ECF No. 120, at 58 (2d Cir. July 21, 2015).) As best this Court can tell, Abakporo's briefing does not otherwise argue—as Pierce does now in her petition—that McCarther is precluded from receiving restitution because of the alleged Creekhill Realty, LLC bankruptcy settlement.

[4]     "A party cannot avoid this conclusion by challenging both the custodial and noncustodial parts of his sentence in the same § 2255 motion." Rutigliano, 887 F.3d at 105; see also Kaminski, 339 F.3d at 89 ("Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties.").

installments of fifteen percent of gross monthly income). Because Pierce cannot satisfy § 2255's "custody" requirement, this Court lacks subject matter jurisdiction over her challenge to the sentencing court's restitution order.

    B.  <u>Failure to Call Witnesses</u>

Pierce also objects to the Report's conclusion that trial counsel was not ineffective for allegedly failing to call certain exculpatory witnesses to testify at trial. Notably, however, Pierce does not challenge the Report's underlying determination that, "[b]ased on the record, [trial counsel's] decision not to call [the] . . . witnesses appears to have been a reasonable strategic choice." <u>Pierce</u>, 2018 WL 4179055, at *10. Instead, in her objection, Pierce merely lists other witnesses that trial counsel allegedly should have called and briefly speculates as to what each might have said. But a "petitioner's speculative claim about the testimony of an uncalled witness is accorded little weight in federal habeas review." <u>Muhammed v. Bennett</u>, 1998 WL 214884, at *1 (S.D.N.Y. Apr. 29, 1998); <u>see also, e.g.</u>, <u>Lou v. Mantello</u>, 2001 WL 1152817, at *10 (E.D.N.Y. Sept. 25, 2001) ("Habeas claims based on complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative." (brackets and quotation marks omitted)). Accordingly, this Court finds no reason to disturb the Report's conclusion that Pierce fails to establish that trial counsel provided ineffective assistance of counsel.

CONCLUSION

For the foregoing reasons—subject to the modification concerning Pierce's restitution argument—this Court adopts the Report in full and overrules Pierce's objections. Thus, the petition is dismissed. Because Pierce has not made a substantial showing of the denial

of a constitutional right, a certificate of appealability will not be issued.  See 28 U.S.C. § 2253(c).  The Clerk of Court is directed to terminate all pending motions and mark this case as closed.  A copy of this Memorandum & Order is being mailed by Chambers staff to Pierce.

Dated: May 28, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.